JOSÉ HERNÁNDEZ USERA, Petitioner, *v.* REGISTRAR OF PROPERTY OF SAN JUAN, FIRST SECTION, Respondent.

No. 1036. Submitted November 22, 1928.—Decided April 27, 1939.

*H. Torres Solá* for petitioner. The Registrar appeared by brief.

Mr. Justice Wolf delivered the opinion of the Court.

José Hernández Usera of San Juan petitioned the Registrar of that city to cancel some military servitudes which had been imposed upon a piece of property located in Puerta de Tierra and apparently close to the former walled city of San Juan. The registrar denied the cancellation of the mention (*mención*) because, according to the registry, it appeared as a condition of the contract of purchase and sale to which the first record of the property referred and because Act No. 12 of 1923 (First Special Session of 1923, p. 36) with its amendments do not authorize the cancellation of said condition. The registrar proceeded to make the due annotation or caveat of the application. José Hernández Usera appealed.

The application in this court recites, first, the description of the property, second, that the first record of the property No. 861, in question, set up that the property was subject to certain military servitudes and that upon making reference to the encumbrances the following recitation appeared:

"This property with its forerunners of description and owners. . . . is not affected by any encumbrances (*carga*)."

It would appear that in 1873 a deed of the property was recorded without having made any reference therein to the military servitudes. But further along under the same heading the record was made subject to the military servitudes to which the first record refers. The appellant recites that the military servitudes in question were never distinctly recorded as encumbrances (*cargas*). *Third,* that the said alleged mil-

itary servitudes were first mentioned in the registry on the 12th of August 1885, and in various entries thereafter reference was made to them. *Fourth,* that the appellant on the 28th of September 1938, made an affidavit in a petition to the registry of property for a cancellation. *Fifth,* that the registrar of property refused the cancellation as aforesaid.

*Sixth.*—Under this paragraph the appellant asked that the refusal to cancel be overruled and its due suppression ordered, for the following reasons:

A. That such limitations were not really servitudes as described in section 536 of the Civil Code, inasmuch as there was neither a servient nor a dominant servitude.

To this we may answer that in the record before us the matter under discussion has been referred to as a servitude, as a condition and as a mention. In any event, there is no question that there was a statement duly recorded in the registry of property describing some military rights, whether they were servitudes or not. Then we may question whether the military uses of the government of Spain were not a kind of dominant tenement upon some of the other property of the Crown of Spain or its subjects.

B. That the particular condition imposed upon the property was a limitation upon the height and construction of certain buildings to be made in accordance with military principles and rules and did not adduce any rights in favor of the State or Spanish Government, as would have happened if the limitation referred to the possession or other real right.

Paraphrasing American jurisprudence we may say that this was, or similar to, a condition that ran with the land, and to that extent a right in favor of the Crown of Spain or its military subdivision.

Then under paragraphs "C", "D", "E", "F", and "G" the appellant further proceeds to argue his case. We can not agree with him that this alleged servitude, if there was a servitude, was merely personal because apparently there

was a restriction by the sovereign power on the owners of the designated property.

The appellant continues his argument on the theory that if this was a personal matter there would be no tradition of it to the power that succeeded the Crown of Spain, namely, the United States. This again he emphasizes by suggesting that the former military power had completely disappeared by reason of the change of sovereignty; that the United States, which by the Treaty of Peace, succeeded all the rights of the Crown of Spain, has no system or arrangement by which a similar power could be exercised by it, and more to the same effect.

We are not prepared to state that the military powers of the United States might not conceivably make the same use of the alleged servitudes as the Crown could have done. It matters not that the United States in contiguous territory has constructed the post-office and other buildings. The lack of ratification, or other supposed inconsistencies, would make no difference for the purposes of this administrative appeal, as we shall very presently see. We can not agree that the right was necessarily extinguished and now we suggest that such a matter could with difficulty, be determined in the registry of property, but more appropriately by a plenary suit. We doubt whether we could easily agree with the appellant that if the right had become extinguished, that the registrar, of his own initiative, could make the desired cancellation in the registry.

We have not transcribed all the arguments of the appellant for the very fundamental reason that we agree with the registrar that there is nothing in the Act of 1923 or its amendments that would authorize the registrar to make the cancellation either *ex proprio vigore* or at the instance of an owner. We agree with the appellant that these statutes authorizing cancellations should be liberally construed to rid the registry of any entry that was clearly of the nature of any of the cancellations mentioned in the Act of 1923 or its amend-

ments. However, these alleged military servitudes are like nothing else in the Act of 1923, and therefore can not be reached by analogous reasons.

As we have said, we can not be absolutely certain that the military authorities of the United States might not want to prevent buildings from going up above a certain height at certain places. In any event, with this doubt, the registrar was not the person to decide the question administratively, but recourse should be had, if any right there is, to a district court. It might be that some legislative or administrative action by the United States would be necessary.

The note of the registrar should be affirmed.